**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CLAUDE MCCLAIN** | § | |
| | § | |
| **V.** | § | **A-12-CV-022-LY** |
| | § | **(A-11-CR-391-LY)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Claude McClain's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 36). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

On November 21, 2011, Claude McClain was sentenced to 33 months for wire fraud, making and using a false statement, health care fraud, and theft of public money. He now files a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On the same day that he filed this motion, January 9, 2012, he also filed a notice of appeal. Clerk's Doc. No. 37.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988). McClain's direct appeal is still pending, so the court should decline to address his § 2255 motion. *See, e.g.*, *Canales v. United States*, No. 3:07-CV-0078-L, 2007 WL 646189 at *1 (N.D. Tex. Feb. 28, 2007) (declining to address a defendant's § 2255 motion while his direct appeal remained pending); *United States v. Norwood*, No. 7:06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (same).

Accordingly, the undersigned RECOMMENDS that the District Court dismiss McClain's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 36) without prejudice.

**WARNING**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requestedd

SIGNED this 13 day of January, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE